UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*IN RE* SUBPOENAS TO LYFE CAPITAL, DEREK YUAN, AND JAMES ZHAO

Case No. 25-mc-80399-LJC

**ORDER RESOLVING IN PART MOTION TO COMPEL**

Re: Dkt. No. 1

HBM Holdings Limited, Harbour Antibodies U.S. Inc., and Harbour BioMed (Shanghai) Co., Ltd., (collectively, Harbour) moved to compel further subpoena responses from Lyfe Capital (Lyfe), Derek Yuan, and James Zhao (collectively, Respondents), in connection with an ongoing lawsuit against Harbour's former employee, Weihao Xu, in the District of Massachusetts (the Underlying Action). ECF Nos. 1, 3-5.[1] Harbour served a series of four subpoenas on Respondents. ECF No. 3-5 at 16–25. Respondents have produced documents and otherwise responded. ECF No. 12-1 ¶¶ 4–8. Harbour contends that their responses are insufficient. ECF No. 3-5 at 16–25. The Motion to Compel is fully briefed and a hearing on the matter is set for April 7, 2026. ECF Nos. 12, 13, 16.

Having reviewed the arguments presented and the Notice of Recent Decision in the Underlying Action, the Court determines that it is appropriate to resolve aspects of the dispute prior to the April 7, 2026 hearing and to order Harbour and Respondents to meet and confer further in advance of the hearing date. The Court assumes the Harbour's and Respondents' familiarity with the applicable legal standards, the procedural and factual history in this matter and the Underlying Proceeding, and each sides' arguments, and orders as follows:

---

[1] A redacted copy of the Motion to Compel is filed at ECF No. 1. An unredacted copy, filed provisionally under seal, is at ECF No. 3-5.

United States District Court
Northern District of California

### A.   Discovery Timeframe

Harbour's subpoena to Lyfe sought documents from "the period of November 1, 2021 through the present."  ECF No. 1-1 at 15.  Respondents contend that discovery from after July 31, 2024—shortly after Weihao Xu was terminated from Harbour and the date when Harbour informed Lyfe "it would not proceed" with the "Harbour opportunity"—is not relevant to Harbour's claims against Weihao Xu and thus overly burdensome.  ECF No. 12 at 10.  Respondents confined their "searches to the period from December 1, 2023 to July 31, 2024."  *Id.*  Harbour argues that this is overly restrictive, as their claims against Mr. Xu encompass conduct after his termination and the collapse of Lyfe's negotiations with Harbour.  *See* ECF No. 3-5 at 21–24.

After the Motion to Compel was fully briefed, the court in the Underlying Action ordered Weihao Xu to produce documents from "up to and including December 31, 2024."  ECF No. 14 at 9.  In relevant part, Judge Cabell of the District of Massachusetts determined that Harbour's claims against Mr. Xu were not entirely "limited to [Mr. Xu's] time at" Harbour and thus discovery regarding Mr. Xu's activities "after his termination from" Harbour were relevant.  *Id.* at 7–9.  In light of Judge Cabell's determination that post-termination discovery is relevant, and given that Harbour argues that Lyfe "supported and assisted Xu's efforts with Kali both before and after his termination from Harbour," the Court follows the District of Massachusetts and sets the timeframe for discovery from December 1, 2023 to December 31, 2024.  ECF No. 3-5 at 22–23; *see Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) ("A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.  Where relevance is in doubt ... the court should be permissive.") (internal quotations omitted).

The Court has a duty to ensure that subpoenas do not impose undue burdens on nonparties such as Respondents.  *See* Fed. R. Civ. P. 45(d)(1).  The Court is satisfied that limiting the timeframe to January 1, 2023 through December 31, 2024 (a far shorter timeframe then Harbour's proposed "half-decade of discovery") as well as utilizing appropriate search terms, as discussed below, appropriately addresses the burden on Respondents.  ECF No. 12 at 11.

United States District Court
Northern District of California

**B.     Document Custodians**

Lyfe represents that it searched the custodial file of Derek Yuan, the employee at Lyfe "most involved with the potential Harbour deal and negotiating with Mr. Xu," to identify documents responsive to Harbour's subpoena.  ECF Nos. 12 at 8; 12-1 ¶ 4.  Lyfe represents that it then applied search terms and other parameters to Mr. Yuan's custodial file to find responsive documents.  ECF No. 12-1 ¶ 4.  It also produced 3,151 pages of responsive documents from a "data room" folder.  *Id.* ¶ 5.  Harbour argues that Lyfe must search the custodial files of five additional employees who were involved with Mr. Xu and the Kali negotiations: James Zhao, Justin Wong, Zac Hann, Fong Ming Koh, and Jing Xu.  ECF No. 3-5 at 16.

The Court agrees with Harbour that Lyfe must search through more than one custodian's files.  Although Lyfe may be correct that Mr. Yuan was "most involved" with the Harbour deal and negotiations with Mr. Xu, Harbour cites to documents showing that other Lyfe employees were involved in the negotiations and communicated with Mr. Xu without involving Mr. Yuan.  *See* ECF Nos. 3-5 at 24 (email from Mr. Xu to James Zhao regarding the Kali transaction); 24–25 (email from Frazier Capital to Mr. Yuan and Mr. Zhao regarding Mr. Xu's negotiations); 2-10 (messages between Yuan, Zhao, and Jing Xu regarding meeting with Harbour's CEO, Jingsong Wang); 2-3 (emails between Mr. Yuan, Mr. Zhao, and Roy Xu regarding Kedan Lin).  This illustrates that other employees will likely have relevant documents in their custodial files.  While there may be some overlap in custodial files, "[t]he idea that" some "responsive documents will necessarily be found in other custodians' records is not sufficient to defeat a search of his files," as a particular custodian may "have a document or documents that other custodians have not retained."  *Shenwick v. Twitter, Inc.*, No. 16-cv-05314, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018).  As Harbour notes, Lyfe may use deduplication technology to minimize their burden.  ECF No. 13 at 13; *see Williams v. Apple, Inc.*, No. 19-cv-04700, 2020 WL 5107639, at *2 (N.D. Cal. Aug. 31, 2020).

Lyfe is accordingly ordered to designate James Zhao as an additional document custodian.  Additionally, out of its list of six proposed custodians, Harbour may select up to two more custodians.  For the avoidance of doubt, this means that Lyfe must search the custodial files of up

United States District Court
Northern District of California

to four custodians: Mr. Yuan, Mr. Zhao, and the two additional custodians that Harbour selects.[2]

Harbour shall inform Lyfe which two additional custodians (in addition to Mr. Yuan and Mr. Zhao) it selects no later than March 19, 2026.

### C.    Hit Counts and Further Meet and Confer Efforts

In addition to disagreeing about the appropriate timeframe for discovery and number of custodians, Harbour and Respondents disagree about the appropriate search terms to apply to the custodial files.  Respondents applied six search terms to Mr. Yuan's custodial file ("CytoKali," "Kali," "HBM7020," "Harbour," "HBM", and "Weihao").  ECF No. 12-1 ¶ 2.  Harbour contends that terms are overly narrow, and request that Respondents employ:

> [A]t least the following search terms in addition to the terms that Respondents purportedly used:
>
> • Katherine
> • wx2112@gmail.com
> • Kaytee
> • Jingsong
> • Kedan
> • Bruce
> • B7
> • Chief Scientific Advisor
> • Nona
> • BCMA
> • Frazier
> • 7020
> • kalitherapeutics.com
> • CD3

ECF No. 3-5 at 20.  Respondents argue that Harbour's request for these additional search terms is untimely and that the terms themselves are overly broad.  ECF No. 12 at 9-10.  The Court is not particularly swayed by the timeliness argument: that Respondents may have to partially redo their document search is as much due to their unilateral imposition of narrow search criteria as Harbour's delay in proposing the terms listed above.  However, the Court is concerned that requiring Respondents to run twenty search terms across four custodial files, and then review and produce responsive documents, will be unduly burdensome.  Further meet and confer efforts are necessary for the parties to identify appropriately narrow search terms.  To facilitate this,

---

[2] This is without prejudice to Harbour renewing their request for up to six custodians if so warranted by further discovery.

Respondents shall provide hit reports listing the number of documents across the four custodians that hit on Harbour's fourteen proposed search terms. Respondents shall also provide hit reports for their six search terms ("CytoKali," "Kali," "HBM7020," "Harbour," "HBM", and "Weihao") across the four custodians. These searches and hit reports shall be limited to documents from December 1, 2023 to December 31, 2024.

As noted above, Harbour must inform Respondents of its two additional custodians by March 19, 2026. Respondents shall then provide hit reports to Harbour by March 26, 2026. By April 2, 2026, Harbour and Respondents must meet and confer either in person or via videoconference to regarding appropriately tailoring the search terms to hit on relevant documents while limiting the burden on Respondents. By 12:00pm on April 6, 2026, Harbour and Respondents shall file a joint status report regarding the status of their negotiations, including any search terms they have reached a resolution on, and/or competing proposals for search terms.[3] The hit reports provided by Respondents shall be attached as an exhibit to the status report.

During the April 7, 2026 hearing, Harbour and Respondents shall be prepared to discuss their search term negotiations; production of Mr. Yuan and the additional custodians' WeChat messages and documents kept on personal devices; and the extent to which Respondents only produced documents regarding the "First Opportunity" and only produced communications between Mr. Yuan and the other proposed custodians.

**IT IS SO ORDERED.**

Dated: March 19, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

---

[3] Harbour and Respondents may seek to modify this schedule by filing an administrative motion or stipulation pursuant to the Northern District's Civil Local Rules.

United States District Court
Northern District of California