UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*IN RE* SUBPOENAS TO LYFE CAPITAL, DEREK YUAN, AND JAMES ZHAO

Case No. 25-mc-80399-LJC

**ORDER REGARDING PRODUCTION OF WECHAT MESSAGES**

During the April 7, 2026 hearing on Harbour's Motion to Compel, Respondents informed the Court that they did not intend to produce WeChat messages from Jing Xu and Justin Wong, two additional document custodians. Respondents explained that Jing Xu and Justin Wong's WeChat messages were stored on their personal devices, and that these documents were not in Respondents' possession, custody, or control. Respondents represented that Jing Xu was on secondment and not currently working for Lyfe Capital, and was not located in the United States. The Court noted that—to the extent Jing Xu and Justin Wong used WeChat for Lyfe-related business—their messages could be relevant and discoverable, and took the matter under submission. The Court now rules as follows:

By April 14, 2026, Lyfe shall provide Harbour a declaration, signed by Justin Wong, attesting under penalty of perjury whether or not he used WeChat for business purposes relating to Lyfe during the discovery timeframe (January 1, 2023 to December 31, 2024). If he attests that he did not, no further action is necessary. If he attests that he did, Lyfe shall inform Harbour whether they will be accepting service on Mr. Wong's behalf, and Harbour may then serve a subpoena to Mr. Wong requesting production of relevant WeChat messages. The Court expects Lyfe to take reasonable steps to ensure that the WeChat messages are produced by May 7, 2026.

United States District Court
Northern District of California

Given Lyfe's representation that Jing Xu's WeChat messages are accessible only on her personal devices, and that she is no longer in the United States, the Court denies Harbour's request that Lyfe be ordered to produce Ms. Xu's WeChat messages and declines to order Lyfe to take any steps to facilitate production of Ms. Xu's WeChat messages. Lyfe will already be producing responsive documents in Ms. Xu's .pst file, and given the practical obstacles to production, ordering Lyfe to produce or otherwise facilitate production of Ms. Xu's WeChat messages would be unduly burdensome and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A)(iv). This Order does not limit Harbour's rights under Federal Rule of Civil Procedure 45(a) or applicable international laws to otherwise obtain and serve a subpoena on Jing Xu.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

2